IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| DEBRA JONES, ) <br> ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRUIST BANK, ) <br> ) <br>         Defendant. ) <br> ) | **Civil Action No.:** <br> **5:25-cv-00268-FL** <br><br> **DEFENDANT'S MOTION TO** <br> **DISMISS PLAINTIFF'S COMPLAINT** |

Defendant Truist Bank ("Defendant" or "Truist") hereby moves pursuant to Rule 12(b)(6) of the Federal Rules of Procedure to dismiss the claims asserted by Plaintiff Debra Jones ("Plaintiff"). As summarized below, and as described more fully in the accompanying brief, Plaintiff fails to state a claim upon which relief may be granted for each count asserted in the Complaint.

1. Plaintiff fails to plausibly allege the required elements of her disparate treatment claim under the Americans with Disabilities Act (Count I). Specifically, Plaintiff alleges no facts indicating that she had an ADA-covered disability, that she was a qualified individual entitled to ADA protection, that she was subjected to an adverse employment action, or that similarly situated individuals outside the protected class received more favorable treatment.

2. Regarding her claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Count II), Plaintiff fails to allege she was subjected to

discrimination due to any protected characteristic covered by Title VII. Rather, Plaintiff alleges discrimination and retaliation solely because of her disability, which Title VII does not address. Nor does Plaintiff allege any facts indicating that she engaged in protected activity under Title VII or that she sustained any material retaliatory action.

3. Plaintiff's claim of negligent infliction of emotional distress (Count III) fails because she does not allege any negligent conduct, as North Carolina law requires. Instead, Plaintiff premises this claim solely upon allegations of discrimination and retaliation, which are inherently intentional and do not substantiate negligent infliction.

4. Plaintiff further fails to state a viable claim for intentional infliction of emotional distress (Count IV) because she does not allege "extreme and outrageous" workplace conduct under the rigorous standards established by North Carolina courts.

5. As to her claim for negligent supervision and retention (Count V), Plaintiff fails to plausibly allege facts demonstrating a Truist employee engaged in tortious conduct that would be actionable under North Carolina common law, that the employee was incompetent or unfit, or that Truist had actual or constructive advance notice of such incompetency or unfitness. Rather, Plaintiff bases her negligent supervision and retention claim on Truist's alleged violations of federal employment statutes, which do not suffice.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's claims, in their entirety, with prejudice.

This the 20th day of June 2025.

                                              ***/s/ Jill S. Stricklin***
Jill S. Stricklin
N.C. State Bar No. 20145
Email: jstricklin@constangy.com
***/s/ Alexis M. Holloway***
Alexis M. Holloway
N.C. State Bar No. 61775
Email: amholloway@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
One West 4th Street, Ste 850
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

*Attorneys for Defendant*

3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Lisa Walker (lisa@lisawalkerlaw.com).

This the 20th day of June 2025.

                                              */s/ Jill S. Stricklin*
                                              **Jill S. Stricklin**
N.C. State Bar No. 20145
Email: jstricklin@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
One West 4th Street, Ste 850
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

*Attorney for Defendant*